IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID CRAWLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19-cv-00474 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MACVEAN, | ) | By:  Hon. Thomas T. Cullen |
| | ) |       United States District Judge |
| Defendant. | ) | |

On June 15, 2023, a jury returned a verdict for Plaintiff David Crawley ("Crawley") on his claim that Defendant MacVean violated his procedural due process right. (ECF No. 149.) The matter is now before the court on Crawley's motion for attorney's fees. (ECF No. 152.) The parties do not dispute that Crawley is entitled to reasonable attorney's fees; they only dispute the amount. Having reviewed the record, the parties' briefings, and applicable law, the court finds that Crawley is entitled to $17,480.60 in attorney's fees.

## I.     BACKGROUND

Crawley commenced this matter *pro se* as a prisoner at Buckingham Correctional Center in 2019, filing a 35-count complaint under 42 U.S.C. § 1983 that alleged various constitutional violations against several members of the prison's staff (collectively, "Defendants"), including MacVean. (Compl. [ECF No. 1].) For relief, Crawley requested $90,000 in compensation damages and $250,000 in punitive damages, as well as any "injunctive relief the court deem[s] appropriate." (*Id.*) Almost a year after filing suit, Crawley was released from prison. (*See* ECF No. 53.)

At the court's request, Crawley's counsel agreed to step in and represent Crawley *pro bono*, and he noted his appearance on July 26, 2022. (ECF No. 90.) By that time, twenty of Crawley's claims had been dismissed (ECF No. 63), and the court faced pending cross-motions for summary judgment with respect to the other 15 claims (ECF Nos. 71 & 86.) On August 11, 2022, the court granted summary judgment to Defendants on 12 of the remaining claims, leaving only Claims 1, 8, and 15. (ECF No. 95.) As part of that Order, the court invited Defendants to request an evidentiary hearing to decide the dispositive issue for Claims 1 and 8—whether administrative remedies were available to Crawley. (*Id.*) Defendants did so, and the court referred the case to a Magistrate Judge to hear the issue and prepare a Report and Recommendation for the court. (ECF Nos. 96 & 97.) The Magistrate held the evidentiary hearing on January 18, 2023, and soon thereafter issued her recommendation that the court enter judgment in the Defendants' favor on Claims 1 and 8 because Crawley failed to exhaust available grievance procedures. (ECF No. 118.) Over Crawley's objections, the court adopted the Magistrate's R&R in its entirety and entered judgment in favor of Defendants on Claims 1 and 8. (ECF No. 129.) As of April 3, 2023—after almost 4 years of litigation—Claim 15 was the only remaining claim.

Following a one-day jury trial, the jury entered a verdict in Crawley's favor on Claim 15 against MacVean and awarded Crawley $15,000 in damages. (ECF No. 149.) Soon after the court entered judgment in his favor, Crawley moved for attorney's fees under 42 U.S.C. § 1988 (Mot. Att'y Fees [ECF No. 152].) In briefing, Crawley requests a fee award of $43,540.00, plus interest at the judgment rate. (Mem. Supp. Mot. Att'y Fees at 14 [ECF No. 153].) In response, MacVean asks the court to reduce the fees portion of that award by $18,445, and the expenses

portion in its entirety. (*See* Mem. Opp'n Mot. Attorney's Fees [ECF No. 157].) In making this request, MacVean does not challenge Crawley's proffered hourly rate or reasonable billing practices; instead, he contends the reductions are warranted because Crawley is not entitled to attorney's fees for work done in connection with his unsuccessful claims. (*See id.* at 3–4.) In reply, Crawley requests a 25% *upward* departure to his fee award for a total of $54,425.[1] (Reply Supp. Mot. Att'y Fees at 3.) Given MacVean's concessions that Crawley's hourly rate is reasonable and that *some* of the requested hours are compensable, the parties agree that Crawley's counsel is entitled to at least $24,235.37.

## II. ANALYSIS

In contravention of the standard American rule that each party pays its own attorney's fees, Congress allows district courts to award reasonable attorney's fees and costs to the prevailing party in a case vindicating a party's civil rights under 42 U.S.C. § 1983. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citing 42 U.S.C. § 1988(b)). To determine an attorney's fee award under § 1988(b), the court applies a three-step process:

> First, the court must determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate . . . . Next, the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones. Finally, the court should award some percentage of the remaining amount,

---

[1] Crawley's reply brief misconstrues Macvean's response, thinking Macvean has requested the court to reduce the fee *to* $18,445 instead of reducing the lodestar *by* that amount. (*See* Reply Supp. Mot. Att'y Fees at 3 [ECF No. 158].)

Crawley also contends that MacVean's response brief is untimely and, as a result, argues that the court should consider his initial fee request as unopposed. *See* Local Civ. R. 11(c)(1). He is wrong. MacVean requested an extension of time to file his opposition brief, and the court granted that request. (Order, July 18, 2023 [ECF No. 156].) Therefore, MacVean's brief is, by definition, timely. As Crawley cited to Local Civil Rule 11(c)(1), the court directs him to Local Civil Rule 11(c)(3): "Procedural motions, including motions for enlargement of time, whether or not opposed, may be acted upon at any time by the Court, without awaiting a response, *and any party adversely affected by such action may request reconsideration, vacation, or modification of such action*." (emphasis added). Crawley did not request any such relief, and his argument is misplaced.

depending on the degree of success enjoyed by the plaintiff.

*McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013), *as amended* (Jan. 23, 2014) (cleaned up). But before proceeding under *McAfee*, the court takes a necessary detour to see if and how the Prison Litigation Reform Act of 1995 ("PLRA") affects that process.

## A.     PLRA's Application

Just as Congress had the power to contravene the American Rule in allowing fee recovery under 42 U.S.C. § 1988(b), so too can it limit the recovery of such fees. *See Wilkins v. Gaddy*, 734 F.3d 344, 349 (4th Cir. 2013) ("But what Congress provides Congress can adjust or take away."). And when it passed the PLRA, Congress did just that by imposing limits on (1) the amount of attorney's fees recoverable by a prevailing party in a § 1983 case filed by a prisoner, and (2) the hourly rate by which the court may calculate such reasonable fees. 42 U.S.C. § 1997e(d)(2)–(3). So, as a threshold matter, the court must determine if this case is "governed by § 1997e(d)."[2] *Murphy v. Smith*, 138 S. Ct. 784, 791 (2018).

Regrettably, the court must conclude that it is.[3] The attorney-fee cap found in 42 U.S.C. § 1997e applies to "any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of" Title 42 of the United States Code. It is undisputed that attorney's fees are authorized in this case under 42 U.S.C. § 1988 because Crawley won a final judgment, making him the prevailing party in his § 1983 suit. (*See* Judgment Order, June 15, 2023 [ECF No. 150].)

---

[2] Neither party raised the PLRA in briefing. Nevertheless, the court must heed Congress's mandates.

[3] The fee cap may have the unintended consequence of deterring accomplished attorneys from taking unpopular cases *pro bono*, as Crawley's attorney did here. The court hopes that its sincere appreciation makes up for some of the lost fees.

Next, Crawley was a prisoner confined at Buckingham Correctional Center when he filed suit. That he is no longer incarcerated does not change the applicability of the PLRA's fee-cap provisions. "[T]he term 'brought' as used in § 1997e(d)'s 'in any action brought' language means filed." *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 795 (11th Cir. 2003); *see also Harris v. Garner*, 216 F.3d 970, 974 (11th Cir. 2000) (interpreting § 1997e(e)'s use of 'brought' to mean 'commenced'); *United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 206–07 (4th Cir. 2017) (endorsing the view that "one brings an action by commencing suit" while interpreting a different statute) (cleaned up); *Goldenberg v. Murphy*, 108 U.S. 162, 163 (1883) ("A suit is brought when in law it is commenced."). It follows that the PLRA's statutory cap on attorney's fees applies even if a prisoner who commenced the action is no longer incarcerated when his case finally reaches trial. *Perez v. Westchester Cnty. Dep't of Corrections*, 587 F.3d 143, 155 (2d Cir. 2009) ("The reference to a prisoner's 'confine[ment in] any jail, prison, or other correctional facility' thus seems to describe the status of a plaintiff at the time of filing, not that of the plaintiff at some later time."); *Percelle v. Pearson*, No. 12-cv-05343, 2017 WL 2688073, at *4 (N.D. Cal. June 22, 2017); *Nelson v. Turnesky*, No. 1:04-cv-00037, 2010 WL 3655565, at *2 (E.D. Ark. Sept. 13, 2010).

As a consequence of the PLRA's application to this case, the court's process in determining the attorney's fee is adjusted in two ways: (1) the most Crawley can recover in attorney's fees is 150% of the total damages award—in this case, $22,500, *see Wilkins*, 734 F.3d at 349 (noting that section "1997e(d)(2) . . . caps awards at 150 percent of a prisoner's monetary judgment."); (2) in calculating the lodestar, the court must apply the "PLRA-capped rate of

. . . $237.00 [per hour] for 2022; and $246.00 [per hour] for 2023."[4] *Anselme v. Griffin*, No. 3:20-cv-00005, 2023 WL 3534490, at *3 (W.D. Va. May 18, 2023), *R&R adopted* June 7, 2023 [ECF No. 95] (not reported).

**B.     Reasonable Attorney's Fees**

Turning back to the court's calculation of a reasonable attorney's fee award, the court applies the three-step *McAfee* process. 738 F.3d at 88.

**1.     Lodestar Calculation**

To begin, the court must calculate the lodestar by multiplying a reasonable number of hours worked by the reasonable hourly rate. *Id.* The parties do not contest that Crawley's lodestar calculation, based on his $350 hourly rate, is reasonable. Nevertheless, the court has reviewed Crawley's uncontested lodestar calculation and finds it is mostly reasonable under the *Johnson v. Georgia Highway Express, Inc.* factors.[5]  *See* 488 F.2d 714, 717–19 (5th Cir. 1974);

---

[4] The parties seem to agree that an hourly rate of $350 is appropriate for the lodestar analysis. (*See* Mem. Supp. Mot. Att'y Fees at 4; Mem. Opp'n Mot. Att'y Fees at 4.) The court agrees that the fees charged by Crawley's counsel are reasonable and appropriate for the work he performed and the market in which he performed them. But here, the maximum hourly rate upon which a lodestar calculation can be based is "150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel." § 1997e(d)(3). 18 U.S.C. §3006A(d) provides that the Judicial Conference can set such rates. As relevant here, the maximum hourly rates for work done by court-appointed counsel is $158 in 2022 and $164 in 2023. Guidelines for Administering the CJA and Related Statutes, § 230.16 Hourly Rates and Effective Dates in Non-Capital Cases, https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-230-compensation-and-expenses (last visited September 29, 2023). One hundred fifty percent of $158 is $237, and 150% of $164 is $246.

[5] The court feels obliged to point out one inconsistency with Crawley's calculation of the lodestar. Crawley appears to have arrived at his lodestar of $43,540 by multiplying the total hours spent on this case, 124.4, by his fee. (*See* ECF No. 153-2, at 2.) But the timesheets reveal 4.5 hours from that total are attributable to two other people. (*Id.* at 4, 6, 7.) These people are not identified in the briefing, but after asserting his hourly rate of $350, Crawley asserts his "hourly rate of $125.00 for paralegal time is more than a reasonable market rate" for purposes of calculating the lodestar. (Mem. Supp. Mot. Attorney Fees at 6.) Based on the uncontested $350 hourly rate of the briefing, the court has calculated the accurate lodestar would be $42,527.50 ((119.9*350)+(4.5*125)). Ultimately, that slight error is of no consequence given that the court calculates a new lodestar under the PLRA's requirements.

*McAfee*, 738 F.3d at 88. The only alteration the court must implement is to use the PLRA-capped hourly rates: $237/hour for work done in 2022, and $246/hour for work done in 2023. As seen by the table below, the new lodestar is $29,931.00:

| Classification | Hours Worked | Hourly Rate | Total |
|---|---|---|---|
| 2022 Attorney | 14.1 | $237 | $3,341.70 |
| 2023 Attorney | 105.8 | $246 | $26,026.80 |
| Paralegal | 4.5 | $125[6] | $562.50 |
| Sum ("PLRA-Adjusted Lodestar") | 124.4 | | **$29,931.00** |

### 2. Reduction in Hours

The second step requires the court to confront head-on the central issue in the parties briefing: whether it must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *McAfee*, 738 F.3d at 88. Indeed, if Crawley "failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley*, 461 U.S. at 440.

Here, MacVean claims that Crawley should not recover fees for work spent that related only to the unsuccessful claims: Counts 1 and 8. (Mem. Opp'n Mot. Att'y Fees at 3; *see* ECF No. 129 (entering judgment in defendants favor on Counts 1 & 8).) But Crawley asserts that the time spent working on those claims overlapped with his preparation for the issue on which

---

[6] The paralegal rate is not capped by the PLRA or 18 U.S.C. 3006A and is not at issue between the parties. Upon review of paralegal fees found reasonable by courts in this district, the court finds $125/hour to be a reasonable rate for work done by a paralegal in this case. See *Flores v. Va. Dep't Corr.*, No. 5:20-cv-00087, 2023 W: 6304680 at *10 (W.D. Va. Sept. 27, 2023) (finding $135 to be a reasonable paralegal rate).

he ultimately prevailed, and all claims arose out of the same common core of facts. (Reply Mem. Supp. Mot. Att'y Fees at 7–8.)

Count 1 alleged excessive force by a correctional officer on May 3, 2017, a violation of the Eighth Amendment. (Compl. ¶ D(1).) Count 8 alleged a First Amendment retaliation claim against another member of the prison staff who had allegedly "illegally confiscated" Crawley's documents that related to his excessive-force claim against the correctional officer from Count 1 on July 18, 2017. (*Id.* ¶ D(8).) Count 15 alleged a Fourteenth Amendment due process violation by MacVean in a disciplinary hearing held on July 31, 2017, which concerned a different incident than those which gave rise to Counts 1 and 8. (*Id.* ¶ D(8)) While it is true that all allegations were brought in the same complaint by the same plaintiff, they all claim constitutional violations, they all arise from actions occurring inside of a prison, and they are in somewhat temporal proximity, they do not *arise* from the same common nucleus of fact. As recognized by the Supreme Court in *Hensley*, "[t]he congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." 461 U.S. at 435. The court finds that Counts 1 and 8 are distinct from Count 15, such that Crawley may not recover fees for time spent working exclusively on those Counts because he did not prevail on them.

MacVean identifies 10 fee-related entries from Crawley's timesheets as work expended entirely on unsuccessful claims.[7] (Mem. Opp'n Mot. Att'y Fees at 3.) The court agrees that all

---

[7] MacVean also correctly identifies that the costs and expenses found in Crawley's timesheets are all directly related to those counts upon which Crawley did not prevail. (*See* Mem. Opp'n Mot. Attorney's Fees at 3–4.) To the extent Crawley actually seeks to recoup these costs and expenses, the court will deny their recovery because

but one of them should be excluded from the lodestar calculation.[8] Accordingly, the following hours will be excluded from the PLRA-Adjusted Lodestar:

| Classification | Hours Worked | Hourly Rate | Total |
|---|---|---|---|
| 2023 Attorney | 49.9 | $246 | $12,275.40 |
| Paralegal | 1.4 | $125 | $175 |
| Sum (to be subtracted) | 51.3 | | $12,450.40 |

Subtracting the sum above from the PLRA-Adjusted Lodestar, the court's lodestar is now $17,480.60.

### 3. Degree of Success

With the final lodestar calculated, the court must now calculate a percentage of the lodestar "depending on the degree of success enjoyed by the plaintiff" as the final calculation for the reasonable attorney's fee. *McAfee*, 738 F.3d at 88. With that said, "there is a strong presumption that the lodestar" is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010); *see Wyatt*, 2018 WL10613184, at *12. The parties do not disagree that the lodestar, once adjusted to remove those hours that were expended while working solely on unsuccessful claims, is reasonable and should be awarded in full. (*Cf.* Mem. Opp'n Mot. Att'y Fees at 4

---

all such costs claimed were incurred in pursuit of the unsuccessful claims; only "[a] prevailing plaintiff in a civil rights action is entitled . . . to recover 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client. . . .'" *Wyatt v. Owens*, No. 7:14-cv-492, 2018 WL 10613184, at *13 (W.D. Va. Jan. 23, 2018) (quoting *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988)).

[8] The court finds that Crawley's review of the court's opinion adopting the Magistrate's Report and Recommendation can be tied to the matter in which he ultimately prevailed because a review of that Memorandum Opinion was necessary to see where Crawley stood in the posture of his litigation; had he won on any of the issues before the magistrate judge, he would have had to prepare those issues for trial. (*See* ECF No. 153-2, at 11.)

(requesting a reduction in attorney's fees only for the hours worked on unsuccessful claims).) In his reply brief, Crawley asserts for the first time that he is entitled to an upward departure from the lodestar of 25%. (Reply Mem. Supp. Mot. Att'y Fees at 3.) But apart from reciting policy reasons supporting 42 U.S.C. § 1988(b) at large, Crawley does not provide any reason to suggest this is an "extraordinary circumstance[]" in which an upward variance is permitted, aside from a punitive one. *Perdue*, 559 U.S. at 546. Nor is a downward departure warranted; a jury found for Crawley in this matter and awarded him compensatory damages. (ECF No. 149.) To the extent such a downward departure may be warranted, "any appropriate reduction is accounted for by the limits set forth in the PLRA." *Wyatt*, 2018 WL10613184, at *12.

## C. Final Attorney's Fee Award

For all these reasons, an attorney's fee award of $17,480.60 is required by 42 U.S.C. § 1988 and § 1997e. But that does not end the matter; "a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant." 42 U.S.C. § 1997e(d)(2). The court does not have discretion in this apportionment: "district courts must apply as much of the judgment as necessary, up to 25%, to satisfy an award of attorney's fees." *Murphy*, 138 S. Ct. at 790. Therefore, Crawley must pay $3,750 from his judgment, and MacVean must pay the rest.[9]

---

[9] Because he is *pro bono* counsel, Crawley's attorney has represented to the court that he will donate any attorney's fees awarded "to the fund established by this [c]ourt to provide for representation indigent persons." (Mem. Supp. Mot. Attorney's Fees at 14.) While laudable, the court cannot accept funds from Crawley's counsel for the Bench and Bar Fund. Of course, Crawley's attorney is free to donate his apportionment of the fees to other organizations that promote the administration of justice, and if he chooses to do so, he has the court's sincere thanks.

## IV. CONCLUSION

While the court would award more if it was permitted by law, Crawley is entitled to attorney's fees in the amount of $17,480.60.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all parties.

**ENTERED** this 29th day of September, 2023.

>*/s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE